# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SIGNAL INTERNATIONAL, LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-2915 |
| | § | |
| LETOURNEAU, INC., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER STAYING CASE

This case is before the Court for a decision regarding whether this case should be stayed and administratively closed in order for the parties to litigate their dispute in the previously-filed state court action. Defendant LeTourneau, Inc. ("LeTourneau") filed its letter brief [Doc. # 13] arguing in favor of the stay, and Plaintiff Signal International, LLC ("Signal") filed its Response [Doc. # 14] in opposition to the stay. Having reviewed the complete record and the governing legal authorities, the Court stays and administratively closes this case in favor of the pending state court case.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleged in its Complaint that it entered into a contract with Defendant for the construction and delivery of an offshore drilling platform. The contract provided for a delivery date of August 15, 2007. The contract was amended in

February 2007 to change the delivery date to February 6, 2008. Signal alleged that LeTourneau failed to perform its obligations under the contract.

LeTourneau and Rowan Companies, Inc. ("Rowan") filed a lawsuit in state court alleging that Signal knew it would not be able to deliver the platform by the February 2008 deadline. In the state court lawsuit, LeTourneau and Rowan alleged breach of contract, promissory estoppel, tortious interference with contract, negligent misrepresentation, and fraud against Signal. Defendant removed the case to this court, and it was subsequently remanded for lack of subject matter jurisdiction.[1]

After LeTourneau and Rowan filed the state court lawsuit, but before it was removed, Signal filed this lawsuit in federal court. Signal alleged that LeTourneau breached the contract. Signal also requested a declaratory judgment of rescission of the contract.

After the state court lawsuit was remanded, the Court and the parties questioned whether this case – fundamentally a counterclaim in the state court lawsuit – should proceed in federal court or whether the federal case should be stayed in favor of the state court litigation. The issue has been fully briefed and is ripe for decision.

---

[1] There is complete diversity between LeTourneau and Signal, but Rowan and Signal are both Delaware corporations. Consequently, there is no diversity jurisdiction in the related lawsuit filed by LeTourneau and Rowan against Signal.

## II.     ANALYSIS

### A.     Standards for Abstention

Under the abstention doctrine set forth in *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976), a court may decline to exercise jurisdiction over a case under "exceptional circumstances." *See Brown v. Pacific Life Ins. Co.*, 462 F.3d 384, 394-95 (5th Cir. 2006) (citing *Kelly Inv., Inc. v. Cont'l Common Corp.,* 315 F.3d 494, 497 (5th Cir. 2002)). The factors to be considered when deciding whether there are "exceptional circumstances" for purposes of *Colorado River* abstention are: "(1) assumption by either state or federal court over a res; (2) relative inconvenience of the fora; (3) avoidance of piecemeal litigation; (4) order in which jurisdiction was obtained by the concurrent fora; (5) extent federal law provides the rules of decision on the merits; and (6) adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction." *Brown*, 462 F.3d at 395 (citations omitted). "[T]he decision whether to dismiss [or stay] a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.* (quoting *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 16 (1983)). "Abstention

from the exercise of federal jurisdiction is the exception, not the rule." *Id.* (quoting *Colo. River*, 424 U.S. at 813).

### B. Application in This Case

In this case, several of the *Colorado River* factors do not weigh in favor of or against abstention. There is no res at issue in this case, and the state and federal cases are both pending in Houston. Consequently, these two factors are equal.

The remaining factors, however, weigh heavily in favor of abstention. Abstention will avoid piecemeal litigation, particularly since Rowan is a party in the state court lawsuit but not in the federal suit. The state court case was filed first. The decision on the merits will be based on state, not federal, law. There is nothing to indicate that the state court proceedings are not adequate to protect Signal's rights. The contract at issue, which both parties allege has been breached and which Signal seeks to have rescinded, is to be "construed and interpreted in accordance with the laws of the State of Texas." *See* Contract, Exh. 1 to Complaint [Doc. # 1], ¶ 29. Consequently, the Texas state court is clearly capable of deciding the parties' dispute.

The Court recognizes that it has jurisdiction over this dispute and that abstention is an exception to the general rule that federal courts should exercise the limited jurisdiction that they possess. Consideration of the relevant factors, however, weighs heavily in favor of abstention in this case. As a result, the Court will stay this case and

administratively close it until the state court lawsuit is concluded. The Court will require the parties to file a written, joint status report every 120 days advising the Court of the progress of the state court proceeding. Should Signal's rights not be protected in the state court lawsuit, Signal may bring that to this Court's attention in the status report.

### III.    CONCLUSION AND ORDER

The Court has carefully considered the Colorado River abstention factors and, keeping in mind that abstention is the exception and not the rule, the Court finds that the factors weigh heavily in favor of staying this case in favor of the state court lawsuit. Accordingly, it is hereby

**ORDERED** that this case is **STAYED AND ADMINISTRATIVELY CLOSED** in favor of the state court lawsuit remanded by Order issued in *Rowan Companies, et al., v. Signal International, LLC*, Civil Action No. H-97-3397. It is further

**ORDERED** that the parties shall file a Joint Status Report, advising the Court of the status of the state court lawsuit, on **May 1, 2008**, and every 120 days thereafter until the state court litigation is completed.

SIGNED at Houston, Texas, this **29th** day of **January, 2008**.

_____
Nancy F. Atlas
United States District Judge